# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 10CR3889 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| JOEL VARGAS-HERNANDEZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the Indictment under 8 U.S.C. § 1326(d) filed by the Defendant Joel Vargas-Hernandez. ECF No. 17.

**FACTS**

In September 1988, Defendant appeared before an Immigration Judge and was ordered removed to Mexico. Defendant was subsequently physically removed to Mexico pursuant to this order.

On May 5, 1995, Defendant sustained a conviction for first degree burglary in Orange County, California in violation of California Penal Code §§ 459-461. Defendant was sentenced to six years in prison for the burglary conviction and one additional year for a recidivist enhancement.

On December 31, 1998, an Immigration Judge entered an order of removal against Defendant after a immigration hearing. In the hearing, Defendant admitted that he had been

1 convicted of first degree burglary in Orange County in 1995 and sentenced to seven years in
2 prison. Based in part upon this admission, the Immigration Judge found that the Defendant
3 had been convicted of an aggravated felony; that he was removable; and that no other form of
4 relief was available.

## CONTENTIONS OF THE PARTIES

6 Defendant asserts that he was removed when he should not have been. Defendant
7 asserts that the California offense of first degree burglary categorically cannot constitute
8 aggravated felony of "burglary" under 8 U.S.C. § 1101(a)(43)(G)[1] because it is missing an
9 element of generic burglary. The Government asserts that the Defendant's conviction in 1995
10 first degree burglary conviction and sentence to seven years qualifies as an aggravated felony
11 as a crime of violence under 8 U.S.C. § 1101(a)(43)(F)[2] as defined in Section 16(b) of Title
12 18. Defendant responds that his 1995 California first degree burglary offense does not
13 categorically constitute a "crime of violence" under 8 U.S.C. § 16(b) because the state statute
14 does not require unlawful or unprivileged entry. Defendant asserts that he was eligible for pre-
15 conclusion voluntary departure and that it is plausible that he would have been granted pre-
16 conclusion voluntary departure.

## APPLICABLE LAW

18 A defendant charged with a violation of Section 1326 may collaterally attack the prior
19 deportation prior to trial under the due process clause. *United States v. Pallares-Galan*, 359
20 F.3d 1088, 1095 (9th Cir. 2004). In order to sustain a collateral attack under §1326(d), a
21 defendant must, within constitutional limitations, demonstrate: (1) that he exhausted all
22 administrative remedies available to him to appeal his removal order, (2) that the underlying
23 removal proceedings at which the order was issued improperly deprived him of the opportunity
24 for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. §

---

[1] 8 U.S.C. § 1101(a)(43) states: "the term 'aggravated felony' means...(G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year."

[2] 8 U.S.C. § 1101(a)(43) states: "the term 'aggravated felony' means...(F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at least one year."

1326(d). An underlying removal order is fundamentally unfair if: 1) an alien's due process rights were violated by defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).

## DISCUSSION

The issue presented in this case is whether Defendant's 1995 California conviction for first degree burglary in 1995 categorically constitutes a "crime of violence" under 8 U.S.C. § 16(b).[3]

A person commits first degree burglary only if he commits "burglary of an inhabited dwelling." Cal. Penal Code §460(a).[4] An inhabited dwelling house means "a structure where people ordinarily live and which is currently being used for dwelling purposes." *People v. Rodriguez*, 122 Cal. App.4th 121, 132 (Cal. App. 2 Dist. 2004) (citation and internal quotation marks omitted). A conviction for first-degree burglary under California Penal Code §§ 459 & 460(a) requires proof of three elements: 1) entry into a dwelling house; 2) that was inhabited at the time of entry; and 3) with the intent to commit larceny or a felony. *People v. Anderson*, 47 Cal.4th 92, 100 (2009).

In *United States v. Becker*, 919 F.2d 568 (9th Cir. 1990), the Court of Appeals held that the defendant's first degree burglary convictions under Cal Penal Code §§ 459-460 fit the statutory definition of a "crime of violence" as defined in 18 U.S.C. § 16(b). Becker had been found to be a career offender as defined in Section 4B1.1 of the United States Sentencing Guidelines. The Court of Appeals stated:

> We begin our inquiry with the language of 18 U.S.C. § 16(b). It provides that a "crime of violence" is any felony that inherently involves "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." First degree burglary under California law involves just such a risk. Any time a burglar enters a dwelling with felonious or larcenous intent there is a risk that in the course of committing the crime he will encounter one of its lawful occupants, and use physical force against that

---

[3] 18 U.S.C. § 16 states in relevant part: "The term 'crime of violence' means – (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[4] Specifically, section 460 defines first degree burglary as "[e]very burglary of an inhabited dwelling house, vessel, ... which is inhabited and designed for habitation, floating home, ... or trailer coach ... or the inhabited portion of any other building..." § 460, subd. (a).

1     occupant either to accomplish his illegal purpose or to escape apprehension.

2 919 F.2d at 571.

3     The Court of Appeals in *Becker* included the following footnote:

4     California law does not require that the entry itself be illegal for a defendant to be convicted of burglary. *See People v. Pendleton*, 25 Cal.3d 371, 382, 599 P.2d 649, 656, 158 Cal.Rptr. 343, 349 (1979) (explaining that "one may be convicted of burglary even if he enters with consent, provided he does not have an unconditional possessory right to enter"). However, we are unaware of any California case holding that a defendant may be convicted of first degree burglary where he entered the dwelling of another with the intent to commit a felony in cooperation with a lawful occupant of that dwelling, or where the lawful occupant was aware that the defendant intended to commit a felony. Thus, for example, we do not believe that the California courts would conclude that a stock trader who went to an associate's house to concoct an insider trading scheme would be guilty of first degree burglary, even though he entered with the intent to commit the felony of conspiracy to perpetrate a fraud. See Cal. Penal Code Ann. § 182(4) (West 1988). By defining first degree burglary as "burglary *of*" a dwelling, the language of section 460 implies that the intended felony must be committed *against* the property or person of the lawful resident. Thus, in every crime that we believe the California Supreme Court would consider first degree burglary, there is a substantial risk that force will be used *against* the person or property of a lawful occupant of the dwelling.

14 *Id.* at FN 5.   The Court of Appeals discussed and decided whether "the conclusion of the

15 district court that daytime burglary of a residence was intended by the Sentencing Commission

16 to count as a violent offense for sentencing enhancement purposes" and upheld the decision

17 of the district court.  The Court of Appeals in *Becker* concluded:

18     The confluence of common sense and precedent lead to the conclusion that the unauthorized daytime entry of the dwelling of another with the intent to commit a larceny or any felony carries with it a substantial risk that force will be used against the person or property of another. Therefore, first-degree burglary under California law is a "crime of violence" for purposes of sentence enhancement under the career criminal provisions of the federal Sentencing Guidelines.

22 919 F.2d at 573.

23     In this case, the Defendant asserts that the holding in *Becker* has been undermined by

24 subsequent cases which conclude that first degree burglary cannot categorically qualify as

25 "burglary of a dwelling" under Section 2L1.2 of the Guidelines because the state statute does

26 not require an unlawful entry.  Defendant asserts that *Becker* is not controlling because the

27 underlying rationale that the element of unlawful entry is implied in the California first degree

28 burglary statute no longer applies.  *See United States v. Parker*, 5 F.3d 1322 (9th Cir. 1993)

and *United States v. Rodriguez-Rodriguez,* 393 F.3d 849 (9th Cir. 2005).  The Government

1  asserts that *Becker* has not been overruled and remains binding precedent.

2  While the daytime/nighttime burglary was the disputed issue in *Becker*, the Court of Appeals concluded that "first-degree burglary under California law is a 'crime of violence' for purposes of sentence enhancement under the career criminal provisions of the federal Sentencing Guidelines" using the same definition in 18 U.S.C. § 16(b) that applies in this case. *Becker*, 919 F.2d at 573. *Becker* has not been overruled. The Court of Appeals continues to rely upon *Becker*. *See e.g., Malta-Espinoza v. Gonzalez,* 478 F.3d 1080, 1084 (9th Cir. 2007); *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1055 (9th Cir. 2010); and *United States v. Mercado-Arechiga*, 2011 WL 1522479 (April 21, 2011 C.A.9) (unpublished).[5]

*Becker* remains binding precedent in this case. California first degree residential burglary is categorically an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" as defined by 18 U.S.C. § 16(b), which renders an individual statutorily ineligible for voluntary departure.

IT IS HEREBY ORDERED that the Motion to Dismiss the Indictment under 8 U.S.C. § 1326(d) filed by the Defendant Joel Vargas-Hernandez ECF No. 17 is denied.

DATED: May 23, 2011

                          */s/ William Q. Hayes*
                          **WILLIAM Q. HAYES**
                          United States District Judge

---

[5] The Court of Appeals in a Memorandum disposition stated "*Becker* remains good law and we are bound by it."